## THE FLORENCE, EL DORADO & WALNUT VALLEY RAILROAD COMPANY v. S. T. SHEPHERD.

CONDEMNATION PROCEEDING — *Measure of Damages.* In condemnation proceedings for the right-of-way of a railroad, the landowner has the right to recover damages for the consequential lessening in value of the remaining portion of his farm, irrespective of any benefit that may be derived from the construction of the railroad through his land. (*L. & W. Rld. Co. v. Ross*, 40 Kas. 598, cited and followed.)

*Error from Butler District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error:

The court erred in instructing the jury as to the damages the plaintiff was entitled to recover. *Railroad Co. v. Gardiner,* 32 Am. & Eng. Rld. Cases, 250, 251; *Powers v. Railway Co.,* 33 Ohio St. 435; *Bohm v. Elevated Rld. Co.,* 29 N. E. Rep. 802.

The verdict of the jury is excessive, and contrary to the special findings, and the special findings of the jury are evasive.

*Peckham & Peckham,* for defendant in error:

The instructions, taken as a whole, fairly inform the jury of the elements to be taken into consideration in estimating

the entire damages; advise them that the substantial pecun-
iary loss sustained by plaintiff must be the extent of his re-
covery, and furnish no authority or encouragement for the
assessment of mere fancied or speculative damage.

The jury fairly found that the farm as a whole was worth
$75 per acre; and, without inconsistency, also found that the
$2\frac{42}{100}$ acres of bottom land taken for the right-of-way was of
the value of $100 per acre. It is evident that they did so
find, that number of acres at $100 per acre producing exactly
the sum found, namely, $242.

As to the contention that some of the special findings are
evasive, for the reason that several questions are answered
"Don't know," we submit that in no instance where such
answer has been given, and where from the evidence a better
answer might have been given, has plaintiff in error been
prejudiced.

Opinion by SIMPSON, C.: This was an appeal in condem-
nation proceedings for the right-of-way for a railroad, taken
to the district court of Cowley county, with the venue changed
to Butler county. The railroad company brings the case here
for review. The defendant in error recovered for land taken,
for depreciation in value of the balance of the farm, and for
the destruction of a bridge. The special findings of the jury
itemize the elements of damages and award him $242 for
land taken, $400 for depreciation of the balance, $258 as
damages for the destruction of the bridge. These sums ag-
gregate $900, and, with interest, constitute the amount of the
verdict and judgment. Two complaints are made and dis-
cussed in the brief of counsel for plaintiff in error that deserve
notice. The first is, that the trial court erred in its instruc-
tions to the jury as to the damages that the landowner was
entitled to recover. The burden of this complaint is that
the jury were instructed that the defendant below had the
right to recover for the consequential lessening in value of
the remaining portion of his farm, irrespective of any benefit
which may be derived from the construction of the railroad

through the land. This contention is effectually disposed of by the case of *L. & W. Rld. Co. v. Ross*, 40 Kas. 598, and the cases cited and followed.

It is said that the verdict of the jury is excessive. It was for $900 and interest. Every item of damage was supported by some evidence, and there is nothing in the record from which one could fairly suspect, much less adjudge, that the verdict was excessive.

Again, it is claimed that certain special findings are evasive. It can be said that the jury might, by making a nice calculation, have answered more definitely several of the special interrogatories, and yet no effort was made by the railroad company to have them do so. The trial court was not asked to send them back, or no objection was made to the reception of the special verdict.

We think that substantial justice has been done, and recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.